UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUDAN BUDHATHUKI,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-0540 DAD CSK

ORDER

Petitioner, an immigration detainee proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner paid the filing fee.  Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

On February 3, 2026, the district court converted petitioner's motion for temporary restraining order to a motion for preliminary injunction, granted the preliminary injunction, ordered petitioner's immediate release.  (ECF No. 10.)  On February 4, 2026, the district court referred the matter to the undersigned for all further pretrial proceedings.  (ECF No. 11.)

On February 2, 2026, respondents filed a request for an extension of 180 days to file a responsive pleading.  (ECF No. 9.)  On February 3, 2026, petitioner filed an opposition, arguing that the existence of pending appeals in other cases does not constitute good cause, "habeas proceedings are intended to be prompt," and "prolonged delay is especially unwarranted where

1

the legal issues have been repeatedly litigated and are well developed in existing briefing." (ECF No. 11 at 2 (citing Rocha Chavarria v. Chestnut, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025).) Petitioner requests that the Court "order respondents to respond on an expedited or otherwise appropriate habeas briefing schedule." (Id.)  The Court agrees with petitioner.  Where the Court found that petitioner is likely to succeed on the merits of his claims, the Court will not delay issuing petitioner relief on the prospective chance a pending appeal could change the outcome of one claim in the case.  Thus, respondent's request for such a lengthy extension of time is denied.

Within seven days of the date of this order, respondents shall file a status report to confirm that petitioner was released from custody as ordered by the district court on February 3, 2026.

If additional briefing is needed to decide the petition on the merits, within seven days of the date of this order, the parties must so inform the Court.  If the parties do not inform the Court by this deadline that additional briefing is needed to decide the petition on the merits, the Court will interpret this as confirmation that the petition may be decided on the merits based on the record currently before the court without any additional briefing.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's request for an extension of time (ECF No. 9) is denied.

2. Within seven days of the date of this order, respondents shall file a status report to confirm that petitioner was released from custody as ordered by the district court.

3. If additional briefing is needed to decide the petition on the merits, within seven days of the date of this order, the parties must so inform the Court.  If the parties do not inform the Court by this deadline that additional briefing is needed to decide the petition on the merits, the Court will interpret this as confirmation that the petition may be decided on the merits based on the record currently before the court without any additional briefing.

Dated:  February 5, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/budh0540.180dn.100.atty.imm

2