UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUDAN BUDHATHOKI,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No.  1:26-cv-0540 DAD CSK P

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee represented by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  In his sole claim for relief, petitioner argues that he obtained a liberty interest in his continued release when he was released on parole, and his continued detention without written notice and a hearing was unlawful.  (Id. at 6-7.)  For the following reasons, this Court recommends that the petition be granted.

On January 30, 2026, petitioner filed a motion for a temporary restraining order.  (ECF No. 7.)  On February 2, 2026, the district court ordered respondents to file a response to the motion for a temporary restraining order addressing whether any provision of law or fact would distinguish this action from the district court's decisions in Rocha Chavarria v. Chestnut, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), and other similar cases decided by the court or indicate that the matter is not substantively distinguishable.  (ECF No. 8.)  On February 2, 2026,

1

respondents filed an opposition to the motion for a temporary restraining order.  (ECF No. 9.)  In the opposition, respondents admitted that they are not aware of distinguishing legal arguments or material factual differences between this case and the district court's prior precedent in Rocha Chavarria, 2025 WL 3533606.  (ECF No. 9 at 1.)  On February 3, 2026, the district court granted petitioner's motion for a temporary restraining order pursuant to the court's reasoning in Rocha Chavarria, 2025 WL 3533606.  (ECF No. 10.)  The district court converted petitioner's motion for temporary restraining order into a motion for preliminary injunction, and granted the motion. (Id.)  In addition to granting petitioner's immediate release on the same conditions he was subject to immediately prior to his 2025 re-detention, the district court enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances justifying petitioner's re-detention.  (Id.)  The district court referred this action to the undersigned for further proceedings.  (ECF Nos. 10, 12.)

On February 5, 2026, and February 6, 2026, respondents and petitioner respectively filed responses to this Court's order requiring the parties to inform the Court whether additional briefing is needed to decide the petition on the merits.  (ECF Nos. 15, 16.)  Respondents and petitioner confirmed no additional briefing was required.  (Id.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary injunction, which was converted to a request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner obtained a liberty interest in his continued release when he was released on parole, and petitioner's continued detention without written notice and a hearing was unlawful. See Rocha Chavarria, 2025 WL 3533606, at *3-4.  This Court further recommends that a permanent injunction be issued on similar, but narrower grounds than the preliminary injunction.

/ / / /

/ / / /

/ / / /

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED.

2.   Respondents be enjoined and restrained from re-detaining petitioner without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents have the burden to demonstrate a change in circumstances justifying petitioner's re-detention.

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 10, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/budh0540.157.imm

3